UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

STEVEN E. ROUSSEAU,

    Petitioner,

v.

ST. PETER REGIONAL
TREATMENT CENTER,

    Respondent.

Civil No. 08-149 (DSD/JSM)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that the petition for writ of habeas corpus should be dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is a civilly committed detainee who is confined at the St. Peter Regional Treatment Center in St. Peter, Minnesota. He claims that he is being held in violation of his rights under the federal Constitution.

The Court reviewed Petitioner's current habeas corpus petition shortly after it was filed, and noted that Petitioner apparently had not exhausted his state court remedies before seeking federal habeas corpus relief. Therefore, by order dated January 16, 2008,

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

(Docket No. 2), Petitioner was directed to file an affidavit showing that he has fully exhausted his state court remedies with regard to each claim raised in his current petition. Petitioner has now filed such an affidavit, (Docket No. 5[2]), but the Court finds – based in part on the information in the affidavit – that he has not exhausted his available state court remedies for his current federal habeas claims.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus filed by a person in state custody, unless he or she has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by individuals in state custody.  O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

In order to satisfy the exhaustion of state court remedies requirement, a habeas petitioner must fairly present his or her constitutional claims to the highest available state court before seeking habeas relief in federal court.  O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").  Because federal courts

---

[2] It appears that the Clerk's Office filed the same affidavit a second time, as Docket No. 7.

will not entertain unexhausted habeas corpus claims, petitions that include such claims are subject to summary dismissal under Rule 4.

In this case, Petitioner's affidavit shows that he is presently challenging his state custody in a case that is still pending before the Minnesota Court of Appeals. The affidavit indicates that State Court of Appeals heard oral arguments in that case on December 12, 2007, and Petitioner presumably is awaiting a final decision in that matter. Furthermore, if the State Court of Appeals does not grant Petitioner the relief he is seeking, he still will have to ask the Minnesota Supreme Court to review his claims, before he can bring those claims in a federal habeas corpus action. See O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

Because Petitioner is still challenging the constitutionality of his current custody in the state courts, he has not satisfied the exhaustion of state court remedies requirement. The state courts are fully capable of correctly resolving Petitioner's constitutional claims, and must be given the first opportunity to do so. See Wade v. Mayo, 334 U.S. 672, 679 (1948) ("State courts are duty bound to give full effect to federal constitutional rights and it cannot be assumed that they will be derelict in their duty"). Because Petitioner has not satisfied the exhaustion of state court remedies requirement, this action must be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases. However, the Court will recommend that this action be dismissed without prejudice, so that Petitioner can

later return to federal court, (if necessary), after he has exhausted his state court remedies for <u>each claim</u> that he seeks to raise in federal court.  <u>See</u> <u>Gray v. Hopkins</u>, 986 F.2d 1236, 1237 (8th Cir.), <u>cert</u>. <u>denied</u>, 510 U.S. 839 (1993).[3]

### III.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2. This action be summarily DISMISSED WITHOUT PREJUDICE.


Dated:       February 12, 2008

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by March 3, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[3] The Court notes that Petitioner has done a very poor job of describing his grounds for relief in his current petition.  If he finds it necessary to return to federal court in a future habeas corpus proceeding, he should make sure that each individual claim for relief presented in his petition is clearly identified and explained.